# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NORMAN WILLOX                          :
                                       :
                                       :
    v.                                  :     Civil No. CCB-13-2096
                                       :
                                       :
MICHAEL LADAS, et al.                  :
                                       :

## MEMORANDUM ORDER

Norman Willox sues Michael Ladas, EPIC Yachting LLC ("EPIC"), and Mid Atlantic

Marine Group LLC ("MAMG") for breach of contract, conversion, breach of fiduciary duty,

constructive fraud, and fraudulent conveyance.  This court previously granted the defendants'

motion for summary judgment on those claims, entering judgment in their favor on the ground

that Maryland's three-year statute of limitations barred each count of Willox's complaint.  (*See*

ECF No. 53.)[1]  Willox now moves to alter or amend that judgment under Federal Rule of Civil

Procedure 59(e).  That motion has been fully briefed and no hearing is necessary to its resolution.

*See* Local Rule 105.5 (D. Md. 2014).  For the reasons explained below, the motion will be

denied.

Under Rule 59(e), there are "three grounds for amending an earlier judgment: (1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Sloas v.*

*CSX Transp., Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting *Hutchinson v. Staton*, 994 F.2d

1076, 1081 (4th Cir. 1993)).  Willox asserts the third of these three objections, arguing that both

---

[1] The court extensively reviewed the background of this case in the memorandum accompanying that order and will not rehearse those facts again here.  (*See* Mem. 1–4, ECF No. 52.)

1

the defendants' motion for summary judgment and the court's memorandum granting that
motion failed to address Willox's constructive fraud claim. Accordingly, he characterizes entry
of summary judgment on that claim as clear error.

"A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or
present evidence that could have been raised prior to the entry of judgment.'" *Tepeyac v.
Montgomery Cnty.*, 5 F. Supp. 3d 745, 770 (D. Md. 2014) (quoting *Pac. Ins. Co. v. Am. Nat'l
Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Here, Willox forfeited the argument he now
asserts by failing to raise it in his opposition to the defendants' motion for summary judgment.

The defendants' motion expressly sought summary judgment on "*all* counts of Plaintiff
Norman Willox's Complaint," arguing they were untimely. (Mem. Supp. Summ. J. 1, 9, ECF
No. 43-1 (emphasis added).) The defendants construed Willox's constructive fraud claim as
premised on Ladas' "failure to pay on the [OA74] Yacht's sale," supporting that interpretation
by citing two paragraphs in the constructive fraud count of the complaint. (*Id.* at 9.)
Accordingly, the defendants asserted that the three-year limitations period on that claim—and
every other—began to run when that yacht was sold in October 2009.

Willox never objected to the defendants' reading of his constructive fraud claim in his
opposition to summary judgment, despite his express acknowledgement that the defendants'
motion "assert[ed] that *all* Plaintiff's claims are barred by Maryland's three-year statute of
limitations." (Opp. Mot. Summ. J. 2, ECF No. 47 (emphasis added).) Instead, he disputed the
defendants' factual account of the sale, arguing that none of his causes of action accrued until
Ladas could make a full accounting of profits and losses from that sale in 2011 or until Willox

discovered he was due proceeds, which Ladas' misrepresentations hid from him.  The court rejected the factual bases of both those arguments.  (*See* Mem. 11–14.)

Now, for the first time, Willox disputes the defendants' interpretation of his constructive fraud claim, emphasizing that they neglected to address his allegation that "Ladas consistently misrepresented to Plaintiff that his entire investment, along with any profit that may have existed from the sale of the OA74, was consumed by costly upgrades and carrying costs for the OA74." (Mem. Supp. Mot. Alter 4, ECF No. 54-1.)  That argument was available to Willox when he briefed the motion for summary judgment.  He abandoned it by failing to raise it then.  *See Johnson v. United States*, 861 F. Supp. 2d 629, 634–35 (D. Md. 2012).  And he cannot assert it now.  *See id.*; *Tepeyac*, 5 F. Supp. 3d at 770.

Willox disagrees, arguing that the defendant's motion for summary judgment never addressed the *substance* of his constructive fraud claim.  (*See* Reply Mot. Alter 2, ECF No. 56.) As noted, however, the defendants expressly premised their motion on an interpretation of Willox's complaint that he failed to dispute.  In this regard, the unpublished (and thus not precedential) cases on which Willox relies are meaningfully different.  *BNLFood Investments Ltd. SARL v. DSM Nutritional Products, LLC*, Civil No. WDQ-11-446, 2014 WL 1003844, at *3–4 (D. Md. Mar. 13, 2014), granted a motion to alter its previous grant of summary judgment where the moving party failed *entirely* to address the plaintiff's claim for injunctive relief. Similarly, *C.H. ex rel. Hardwick v. Heyward*, 404 F. App'x 765, 767 (4th Cir. 2010), dismissed an appeal and remanded a dispute where the district court mistakenly granted summary judgment on all of a plaintiff's claims despite its express acknowledgment that one of those claims was "not before the court."

3

For the reasons described above, Willox's motion to alter or amend, (ECF No. 54), is

**DENIED**.

So **ORDERED** this 16th day of March, 2015.


_____/S/_____
Catherine C. Blake
United States District Judge